**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>               Plaintiff,<br><br>   v.<br><br>HIGHMARK WESTERN AND NORTHEASTERN NEW YORK, INC. d/b/a HIGHMARK BLUE CROSS BLUE SHIELD OF WESTERN NEW YORK & BLUE CROSS BLUE SHIELD OF WESTERN NEW YORK,<br><br>               Defendant. | Civil Action No. 24-1888 (GC) (JBD)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon Defendant Highmark Western and Northeastern New York Inc.'s Motion to Dismiss the First Amended Complaint (FAC) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 15.) Plaintiff opposed, and Defendant replied. (ECF Nos. 17, 19.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **GRANTED in part** and **DENIED in part**.

## I.     BACKGROUND

    Plaintiff Abira Medical Laboratories, LLC is a New Jersey limited liability company which "operated a licensed medical testing laboratory business based in Langhorne, Pennsylvania."

(ECF No. 12 ¶¶ 6, 11.)[1] Plaintiff allegedly performed "clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services on specimens submitted by medical service providers, on behalf of Defendant's subscribers/members, for numerous patients located throughout the United States." (*Id.* ¶ 11.) According to Defendant's website, Defendant "is an independent licensee of Blue Cross and Blue Shield Association." (*Id.* ¶ 7.) Plaintiff alleges that it submitted "requisitions for laboratory testing services . . . on behalf of Defendant['s] insureds" which "contained assignments of benefits" that "created contractual obligations on the part of the Defendant[] to pay for the Laboratory Testing Services that were provided by the Plaintiff to Defendant's insureds/members/subscribers." (*Id.* ¶ 12.)

Plaintiff attaches to its Complaint a partially redacted spreadsheet "setting forth the patients who were rendered Laboratory Testing Services, the dates of service, the amounts billed for those services, and their respective ascension numbers." (*Id.* ¶ 13; *id.* at 13-14.) Plaintiff contends that each of these individuals "executed an assignment of benefits with respect to their original requisitions for services, thereby creating an assignment of contractual rights from the patients in favor of the Plaintiff." (*Id.* ¶ 13.) Plaintiff does not include the assignment language in the FAC or attach a copy, (*see generally id.*), but in opposing the Motion to Dismiss, Plaintiff submitted a partially redacted document that it characterizes as a "requisition executed by Defendant's insured," which includes an assignment of benefits. (ECF No. 17 at 14; ECF No. 18.)

Plaintiff further alleges that Defendant "regularly refused to pay and/or underpaid claims correctly and accurately submitted by Plaintiff or simply failed to respond in any way to numerous

---

[1]    This is one of more than forty cases that Plaintiff has filed in the United States District Court for the District of New Jersey or had removed here from the Superior Court of New Jersey since June 2023. Each of the lawsuits generally alleges that it was denied reimbursement for providing laboratory testing services.

claims submitted by the Plaintiff, all in violation of applicable state and federal law." (ECF No. 12 ¶ 2.) Plaintiff also avers that Defendant has "not made any payments whatsoever" and thus the total amount of payments said to be due and owing is over $84,294.[2] (*Id.* ¶ 23.) According to Plaintiff, Defendant "engaged in a long campaign designed to deprive Plaintiff of thousands of dollars it is rightfully owed for services Plaintiff rendered to Defendant's subscribers and/or members," including by "either fail[ing] to respond at all to properly submitted claims or fabricat[ing] some other basis to improperly refuse to make payment to Plaintiff." (*Id.* ¶ 16.)

Plaintiff filed its initial Complaint on February 1, 2024, and Defendant thereafter removed the action to this Court on March 7, 2024. After Defendant moved to dismiss the Complaint (ECF No. 8), Plaintiff filed the FAC (ECF No. 12). In the FAC, Plaintiff asserts four causes of action against Defendant: Count One for breach of contract; Count Two for breach of the implied covenant of good faith and fair dealing; Count Three for fraudulent and negligent misrepresentation and equitable and promissory estoppel; and Count Four for quantum meruit/unjust enrichment. (ECF No. 12 ¶¶ 19-44.)

## II.    **LEGAL STANDARD**

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. Of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows

---

[2]    The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of New Jersey, Defendant is a resident of Pennsylvania, and the amount in controversy exceeds $75,000. (*See* ECF No. 4; ECF No. 12 ¶ 24.)

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

For claims of fraud, plaintiffs "must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b)." *Burns v. Stratos*, 2023 WL 4014474, at *2 n.3 (3d Cir. June 15, 2023) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). This ordinarily requires "[a] plaintiff alleging fraud . . . [to] support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)). "Rule 9(b)'s 'normally rigorous particularity rule has been relaxed somewhat where the factual information is particularly within the defendant's knowledge or control.' But even if a relaxed application of Rule 9(b) were warranted . . . , [a plaintiff] would still need to allege facts demonstrating that his [or her] fraud claims are plausible." *Tripati v. Wexford Health Sources Inc.*, 2022 WL 17690156, at *2 n.3 (3d Cir. Dec. 15, 2022) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)).

## III.    **DISCUSSION**

### A.    **Count One—Breach of Contract**

Plaintiff alleges that Defendant's insureds assigned to Plaintiff their rights to receive reimbursement for laboratory testing services provided by Plaintiff, but Defendant has either failed to pay or underpaid those claims.  (ECF No. 12 ¶ 4.)  According to Defendant, Plaintiff's breach of contract claim fails because Plaintiff has not attached copies of these assignments to its FAC, nor has it cited the terms of those assignments or any of the underlying insurance policies between Defendant and its insureds.  (ECF No. 15-1 at 17-23.[3])

Under New Jersey law,[4] "contract rights are generally assignable except where assignment is prohibited by operation of law or public policy."  *Somerset Orthopedic Assocs., P.A. v. Horizon Blue Cross & Blue Shield of N.J.*, 785 A.2d 457, 462 (N.J. Super. Ct. App. Div. 2001).  "An assignment of the right to payment logically entails the right to sue for non-payment."  *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015).

The Court finds that Plaintiff's allegations, accepting them as true, regarding the contractual obligations between the parties via the assignments of benefits together with the specific list of insureds/claimants that is attached as an exhibit to the FAC sufficiently puts Defendant on notice of the grounds for Plaintiff's breach of contract claim.[5]  *See Motamed v.*

---

[3]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[4]    There does not appear to be a dispute over which state's law applies.  Although Plaintiff's FAC makes one reference to Pennsylvania law, both parties rely on New Jersey law in their briefs.

[5]    To decide the instant Motion, the Court will not consider the requisition form that Plaintiff attached to its opposition brief.  "[A] court may consider a document not attached to the complaint if 1) the document is attached to a brief, 2) the document is integral to the complaint, and 3) the document is undisputedly authentic."  *Bose v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 12-4671 ES, 2014 WL 1293861, at *7 n.5 (D.N.J. Mar. 31, 2014) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).  Although the first two prongs may be

*Chubb Corp.*, Civ. No. 15-7262, 2016 WL 1162853, at \*4 (D.N.J. Mar. 24, 2016) ("While [the p]laintiffs do not cite specific contract provisions . . . [the defendant] was adequately put on notice of what [the p]laintiffs' claims are and the grounds upon which they rest."); *cf. Abira Med. Lab'ys v. Metro Risk Mgmt., LLC*, Civ. No. 23-20391, 2024 WL 3580759, at \*1-4 (D.N.J. Jul. 29, 2024) (finding that the plaintiff's breach of contract claim that failed to identify any claimants did not allow the court to plausibly infer that a contract existed). Plaintiff's allegations have "raise[d] a reasonable expectation that discovery will reveal evidence regarding a contractual relationship between it and [Defendant] in the form of assignments of benefits from [Defendant's] insureds, [Defendant's] payment or nonpayment pursuant to those assignments, and any breach in [Defendant's] failure to pay the full amount it owed." *See Abira Med. Lab'ys, LLC v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 2024 WL 2188911, at \*2 (E.D. Pa. May 15, 2024) (internal quotation marks omitted).

Other district courts reviewing similar pleadings filed by Plaintiff have reached the same conclusion and allowed Plaintiff to further develop its breach of contract claim through discovery. *See Abria Med. Lab'ys, LLC v. Harvard Pilgrim Health Care, Inc.*, 2024 WL 4173781, at \*6 (E.D. Pa. Sept. 12, 2024) (allowing the plaintiff's breach of contract claim to proceed where it "attached a chart as an exhibit . . . listing the [insureds/claimants] that it allegedly performed laboratory testing services for, the dates of service, the amounts billed for those services, and the respective accension numbers for the claims"); *Abira Med. Lab'ys, LLC v. CareSource*, 2024 WL 4817444, at \*2 (S.D. Ohio Nov. 18, 2024) ("[The plaintiff] alleges that it received requisition documents with assignments from approximately 192 laboratory testing services for [the defendant's]

---

satisfied, Defendant disputes the authenticity of the requisition form. (*See* ECF No. 19 at 7.) (arguing that Plaintiff's attachment is "a single unauthenticated, redacted requisition form that is purportedly from one of [Defendant's] members[.]").

members. . . . At the current stage, [the plaintiff] has plausibly shown a contractual relationship existed with [the defendant].").

Accordingly, Defendant's Motion to Dismiss is denied as to Count One.[6]

### B.    Count Two—Breach of the Implied Covenant of Good Faith and Fair Dealing

A plaintiff may assert a breach of the implied covenant of good faith and fair dealing claim where "a party has not violated a literal term of the agreement—which would give rise to a breach of contract claim—but has violated the spirit and purpose of the agreement." *Gap Props., LLC v. Cairo*, Civ. No. 19-20117, 2020 WL 7183509, at *4 (D.N.J. Sept. 17, 2020). A breach of the implied covenant of good faith and fair dealing claim, however, can be dismissed at the motion to dismiss stage if the allegations that form the basis of the breach of contract claim are the same as those that form the basis of the implied covenant claim or "where it is undisputed that a valid and unrescinded contract governs the conduct at issue." *Spellman v. Express Dynamics, LLC*, 150 F. Supp.3d 378, 390 (D.N.J. 2015); *see also Beaman v. Bank of Am., N.A.*, Civ. No. 21-2056, 2023 WL 4784254, at *16 (D.N.J. July 27, 2023) (dismissing the plaintiffs' claims for breach of the

---

[6]    Defendant also argues that, based on the spreadsheet of unpaid claims submitted by Plaintiff, many of Plaintiff's claims are time-barred. Plaintiff counters that because the spreadsheet only lists the date of services rendered, rather than the date upon which Plaintiff was injured (*e.g.*, when the claim went unpaid), the issue cannot be resolved on a motion to dismiss. (*See* ECF No. 17 at 9-11.) Plaintiff also argues that a tolling doctrine such as the discovery rule may apply. (*Id.* at 12.)    The Court agrees that the date on which services were rendered is not necessarily the date Plaintiff's causes of action accrued. *See Angera v. Angera*, Civ. No. 14-01253, 2014 WL 4988406, at *5 (D.N.J. Oct. 6, 2014) (finding that the plaintiff's claim for breach of contract and unjust enrichment accrued when payment was due under the contract). The Court may dismiss Plaintiff's claims as untimely only if the time-bar is apparent on the face of the Complaint. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) ("If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).") Therefore, the Court declines to dismiss Plaintiff's claims as time-barred at this preliminary stage.

implied covenant of good faith and fair dealing as duplicative of their breach of contract claims where the implied covenant claims were "alleged as breaches of the parties' express contract").

Although Plaintiff's claim for breach of the implied covenant of good faith and fair dealing in the FAC rests on similar factual allegations as its breach of contract claim (*see* ECF No. 12 ¶¶ 23, 29), the Court will allow the implied covenant claim to proceed because it is not clear at this preliminary stage that the express terms of a valid contract governs the conduct at issue to warrant dismissal of Count Two. *Spellman*, 150 F. Supp. 3d at 390 ("[W]here a contract's existence or its specific terms are disputed, a court may allow breach of contract claims to proceed through discovery or trial alongside alternative causes of action."); *see also* Rule 8(d) (permitting parties to plead multiple claims alternatively or hypothetically). Here, Defendant disputes that a valid contract exists between the parties. (ECF No. 19 at 6 (arguing that the "Amended Complaint should be dismissed with prejudice because Plaintiff fails to allege any facts concerning the alleged contracts at issue or [Defendant's] alleged breaches of those contracts").) Because the parties dispute the terms and nature of the alleged contractual obligations, the Court cannot determine at this stage whether the conduct alleged in Count Two "differs from a literal violation of . . . a pertinent express term" or is governed by the express terms of a valid contract to warrant dismissal. *Spellman*, 150 F. Supp. 3d at 390. Therefore, the Court will not dismiss Count Two at this preliminary stage.

### C.  Count Three—Fraudulent Misrepresentation, Negligent Misrepresentation, Equitable Estoppel, and Promissory Estoppel

In Count Three of the FAC, Plaintiff alleges that "Defendant's representatives not only requested [laboratory testing] services on behalf of the Defendant's members/subscribers, but represented to the Plaintiff that those patients/insureds were all covered by policies of insurance issued by the Defendant, and that the Defendant would pay for the services to be rendered by the

Plaintiff to the Defendant's insureds." (ECF No. 12 ¶ 32.) However, Plaintiff does not plead when such representations were made, who made the representations, how they were made (*e.g.*, in writing, by phone, or in person), or the substance of what was actually said that led Plaintiff to believe that Defendant would pay a specified amount for the testing provided by Plaintiff. Plaintiff also does not plead whether such representations were made for one specific insured/claimant or for all insureds/claimants who might use Plaintiff's services. Such vague generalities are insufficient to assert these claims. *See, e.g., MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 360 (D.N.J. 2021) (dismissing fraudulent misrepresentation, negligent misrepresentation, promissory estoppel, and equitable estoppel claim where the pleading did not go "beyond generalities" and did not identify "a speaker or specific communication"); *Premier Orthopaedic Assocs. of S. N.J., LLC v. Aetna, Inc.*, Civ. No. 20-11641, 2021 WL 2651253, at \*4 (D.N.J. June 28, 2021) ("These vague allegations as to which services [the defendant] agreed to cover, and how much [the defendant] agreed to pay [the p]laintiff for these services, do not provide sufficient facts to support the plausibility of [the p]laintiff's breach of contract, promissory estoppel, and accounts stated claims. Each of these claims requires [the p]laintiff to show the specific terms [the defendant] agreed to (for breach of contract) or the precise promise [the defendant] made (for promissory estoppel and accounts stated)."); *Bergen Beverage Distributors LLC v. E. Distributors I, Inc.*, Civ. No. 17-04735, 2017 WL 5714702, at \*3 (D.N.J. Nov. 28, 2017) (dismissing negligent misrepresentation claim where the plaintiffs did "not indicate who actually made the statements to whom or when they were made, nor do they indicate how many hours were promised and how many were actually worked"); *Capers v. FedEx Ground*, Civ. No. 02-5352, 2012 WL 2050247, at \*2 (D.N.J. June 6, 2012) (dismissing promissory estoppel claim where the allegations were "little

more than a recitation of the elements" and the pleading did "not allege any specific facts supporting the claim").

Plaintiff's conclusory allegations regarding Defendant's alleged representations are insufficient to survive a motion to dismiss. Count Three is dismissed without prejudice.

**D.    Count Four—Quantum Meruit/Unjust Enrichment**

Both quantum meruit and unjust enrichment "require[] a determination that [the] defendant has benefitted from [the] plaintiff's performance." *MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 361 (D.N.J. 2021) (quoting *Woodlands Cmty. Ass'n, Inc. v. Mitchell*, 162 A.3d 306, 310 (N.J. Super. Ct. App. Div. 2017)). Plaintiff's claim for quantum meruit/unjust enrichment rests on its allegation that by "performing Laboratory Testing Services for Defendant's subscribers and/or members, for which Defendant did not pay, or paid at amounts far below those required by Defendant's own policies and protocols, Plaintiff conferred a benefit upon Defendant's subscribers and/or members and, therefore, upon the Defendant." (ECF No. 12 ¶ 40.)

As discussed above, at this stage Plaintiff has sufficiently pled allegations that Defendant retained a benefit under a plan without payment. Moreover, Plaintiff has sufficiently alleged that Defendant's retention of the benefit was unjust. (*Id.* ¶ 16 (alleging that Defendant "engaged in a long campaign designed to deprive Plaintiff of thousands of dollars it is rightfully owed for services Plaintiff rendered to Defendant's subscribers and/or members" by "fail[ing] to respond at all to properly submitted claims or fabricat[ing] some other basis to improperly refuse to make payment to Plaintiff.").) Similar allegations to Plaintiff's have survived motions to dismiss. *See Harvard Pilgrim*, 2024 WL 4173781, at *7 (finding that the plaintiff stated a claim for quantum meruit/unjust enrichment where it alleged that the defendant "engaged in a long campaign designed to deprive [the p]laintiff of thousands of dollars it is rightfully owed for services by either failing to respond to properly submitted claims or fabricat[ing] some other pretextual basis to

improperly refuse to make payment to [the p]laintiff") (internal quotation marks omitted); *Kaiser*, 2024 WL 2188911, at *8 (denying a motion to dismiss the plaintiff's quantum meruit/unjust enrichment claim where the plaintiff alleged that it "performed lab testing for [the defendant's] members, it conferred a benefit on [the defendant], and that [the defendant] unjustly retained that benefit by failing to compensate" the plaintiff); *CareSource*, 2024 WL 4817444, at *6 (denying a motion to dismiss the plaintiff's quantum meruit/unjust enrichment claim where the plaintiff alleged "that it conferred a benefit upon [the defendant] when it performed laboratory testing services, [the defendant] was aware of the benefits, and it was unjust for [the defendant] to 'fail[] and refus[e] to compensate [the p]laintiff' for its services").

Defendant argues that Plaintiff's quantum meruit/unjust enrichment claim fails because Plaintiff conferred a benefit only on Defendant's members. (ECF No. 15-1 at 31.) It is true that district courts in this Circuit have consistently dismissed unjust enrichment claims when a healthcare provider sues an insurer for the unreimbursed costs of a procedure performed on an insured because benefits for medical services inure to the patients treated and not the insurers. *Plastic Surgery Ctr., LLC v. Oxford Health Ins., Inc.*, Civ. No. 18-2608, 2019 WL 4750010, at *5-6 (D.N.J. Sept. 30, 2019). But at least one court in this Circuit has interpreted the United States Court of Appeals for the Third Circuit's decision in *Plastic Surgery Ctr., P.A. v. Aetna Life Insurance. Co.*, 967 F.3d 218, 241 n.26 (3d Cir. 2020) as "opening the door for unjust enrichment claims against insurers." (ECF No. 24 at 8-9 (citing *MHA, LLC*, 539 F. Supp. 3d at 360).)

At this preliminary stage, the Court is persuaded by the reasoning in *Plastic Surgery Center* that "where a healthcare provider claims unjust enrichment against an insurer, the benefit conferred, if any, is not the provision of the healthcare services *per se*, but rather the discharge of the obligation the insurer owes to its insured." 967 F.3d at 240. Therefore, the Court denies

Defendant's Motion to Dismiss as to Count Four, but Defendant may renew its argument at a later stage based on a more fulsome record.[7]

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED in part** and **DENIED in part**.  An appropriate Order follows.

Dated: January 23, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[7]    Plaintiff's quantum meruit/unjust enrichment claim also references the Families First Coronavirus Response Act (FFCRA) and Coronavirus Aid, Relief, and Economic Security Act (CARES Act), but Plaintiff does not bring a separate cause of action under these statutes.  As correctly noted by Defendant, several courts have determined that neither statute provides a private right of action. *See, e.g., Thompson v. U.S. Dep't of Treasury Internal Revenue Serv.*, Civ. No. 23-03103, 2023 WL 4744751, at *2 (D.N.J. July 25, 2023) ("Courts in this district, as well as the other districts around the country, agree that there is no implied private right of action for individuals under the CARES Act."); *Genesis Lab'y Mgmt. LLC v. United Health Grp., Inc.*, Civ. No. 21-12057, 2023 WL 2387400, at *3 (D.N.J. Mar. 6, 2023) ("[T]he Court, in line with its sister courts, finds that Plaintiff has no implied private right of action under the FFCRA and the CARES Act.").  Plaintiff has sufficiently stated a claim for quantum meruit/unjust enrichment independent of its references to these federal statues, so the Court denies Defendant's request to dismiss the claim on that basis.  However, Plaintiff's references to the FFCRA and the CARES Act shall be stricken from the FAC.